UNITED STATES of America,
Plaintiff–Appellee,

v.

Archimides ARELLANO–GARCIA,
Defendant–Appellant.

No. 99–30400.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Feb. 5, 2001**.

Decided Feb. 7, 2001.

Before RYMER, THOMAS, and McKEOWN, Circuit Judges.

### MEMORANDUM *

Defendant Archimides Arellano–Garcia appeals the district court's denial of his pretrial motion to suppress evidence and subsequent conviction. Following denial of the motion, Arellano–Garcia entered a conditional guilty plea to conspiracy to distribute heroin under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, reserving his right to appeal the adverse ruling. He now appeals the district court's denial of his motion. We review denial of the motion de novo, *United States v. Wright,* 215 F.3d 1020, 1025 (9th Cir.), *cert. denied,* 531 U.S. 969, 121 S.Ct. 406, 148 L.Ed.2d 313 (2000), and we affirm.

The evidence supporting Arellano–Garcia's conviction was seized pursuant to the search warrant for the apartment. We review issuance of a search warrant for clear error and "determine whether the magistrate had a substantial basis for concluding that the affidavit in support of the warrant established probable cause." *Id.* Probable cause to issue a warrant exists when a judge finds that, "[c]onsidering the totality of the circumstances, there [is] a fair probability that contraband or evi-

---

are suggestive of his reliability and were properly part of the probable cause materials.

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

dence of a crime [will] be found." *United States v. Gil,* 58 F.3d 1414, 1419 (9th Cir. 1995) (internal quotation marks omitted).

 Arellano–Garcia argues that the officers did not have probable cause to arrest and search him and, therefore, the evidence seized from him must be suppressed. Without that evidence, Arellano–Garcia contends that the warrant was not supported by probable cause. We disagree. The magistrate judge had a substantial basis for concluding that the affidavit established probable cause, even without the evidence seized from Arellano–Garcia. Therefore, we need not address whether Arellano–Garcia was arrested and searched without probable cause.

AFFIRMED.